## Bank of Minneapolis v. Thomas R. Griffin.

66  577
168s 314

1. PUBLIC POLICY—*Recovery of Rewards.*—There is nothing in the position that a person holds with a railroad company to look after crimes and matters connected civilly and criminally with the company, which makes it against public policy for him to recover a reward for the arrest of a criminal.

2. EVIDENCE—*Offer of Rewards.*—Where a circular is issued with the knowledge and approval of a bank for the arrest of a thief, evidence of such facts is sufficient to show a promise by the bank.

Assumpsit, for a reward. Appeal from the Criminal Court of Cook County; the Hon. FRANK ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

IRA L. JONES and W. I. CULVER, attorneys for appellant.

One who offers a reward has a right to prescribe whatever terms he may see fit, and these terms must be complied with before any contract arises between him and the claimant. Amis v. Conner et al., 43 Ark. 337; Loring et al. v. City of Boston, 7 Metcalf (Mass.), 409.

G. W. & J. T. Kretzinger, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

One Phillip M. Scheig was paying teller of the bank; stole about $123,000 and absconded. The president of the bank was then returning from Europe—went to Minneapolis, and about six weeks afterward went to Oakdale, Tennessee, he and his companions carrying many copies of a circular as follows:

"$500.00 Reward.—Wanted, for grand larceny, Phillip M. Scheig, late paying teller of the Bank of Minneapolis, Minneapolis, Minn., U. S. A. For information leading to his arrest and delivery to police authorities of Minneapolis the above reward will be paid by the bank."

The residue of the circular was descriptive of Scheig, and it was signed " V. M. Smith, Supt. of Police, Minneapolis, Minn."

As a witness, the president testified that he took it for granted that the bank authorized the issue of that circular.

There is no evidence that the appellee was an officer of the law, but he was in the service of a railroad, " to look after crimes, stealages, obstructions, and stone throwing, and anything connected civilly and criminally with the railroad." That the appellee gave to the president of the bank, information leading to the arrest and delivery of Scheig to the police authorities of Minneapolis, is sufficiently proved, though upon the testimony of the witnesses for the bank, the appellee might have displayed greater alacrity. He sued for the reward and recovered.

There was nothing in the position that the appellee held with the railroad that made it against public policy for him to receive the reward, and the evidence is enough to justify the inference that the circular was issued with the knowledge and approval of the bank; if so, it was a promise by the bank to pay the reward.

Upon the whole case no error was committed, and the judgment is affirmed.